UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23570-RAR

**DAVID SAINTIL**,

    Plaintiff,

v.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion"), [ECF No. 5], filed on September 24, 2024.[1] Having considered Defendant's Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 5], is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

## BACKGROUND

Plaintiff—who is of Haitian ancestry—alleges that he was terminated from his position as a Senior Correctional Probation Officer, which he had held since September 9, 1994, for "race, national origin and in retaliation for prior protected activity in filing a charge and grievance of employment discrimination on or about 2016." Compl., [ECF No. 1-1] at ¶ 1. Plaintiff avers that he was, at all material times, fully qualified for all positions he held with Defendant, fulfilled Defendant's expectations, and performed his job in an above satisfactory manner. *Id.* at ¶ 7.

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Pl.'s Resp. to Mot. to Dismiss, [ECF No. 12]; Reply to Resp. to Mot. to Dismiss, [ECF No. 14].

The specifics of Plaintiff's allegations begin on March 25, 2020, when Plaintiff requested forty-eight hours of annual leave and had his shifts assigned to other officers. *Id.* at ¶ 8; EEOC Charge of Discrimination, [ECF No. 1-1], at 13.  After Plaintiff began his leave, he states that he was asked by Officer Supervisor Marcos Soria, who is Cuban American, if his leave was approved by his direct supervisor, to which Plaintiff replied that he had submitted a request and that, in line with office practice, he was allowed to take the leave because it had not been denied.  Compl., [ECF No. 1-1] at ¶ 9.

Plaintiff then asserts that his direct supervisor, Brandt Edwards, who is African American, assigned Plaintiff tasks while he was on leave that Plaintiff was unaware of, which were not part of Plaintiff's regular job duties, and "only to justify after the fact denial of Plaintiff's leave." *Id.* at ¶ 10.  On April 2, 2020, Plaintiff alleges that Edwards, while still on leave from a COVID-19 exposure, canceled the assigned tasks, before denying Plaintiff's leave request the next day, after Plaintiff had already taken the leave. *Id.* at ¶¶ 11, 12.  Plaintiff then states that Sunny Ukenye—who fired Plaintiff once previously "for pretextual reasons"—fired him the following month, on June 22, 2020, for failing to perform the tasks assigned without his knowledge by Edwards during his leave. *Id.* at ¶¶ 13, 14.  Plaintiff had filed a Union grievance based on the prior firing by Ukenye, "accusing him of disparate treatment based on race and national origin, a protected activity." *Id.* at ¶ 14.

In the attached Charge of Discrimination that Plaintiff filed with the Equal Employment Opportunity Commission prior to filing this action, Plaintiff alleges that Edwards, Ukenye, and Soria lied about the sequence of events that occurred when Plaintiff made the leave request. *See* EEOC Charge of Discrimination, [ECF No. 1-1], at 13.  Further, Plaintiff stated that he "believed

[he] was targeted because of [his] race and national origin and was treated differently than other non-Haitian employees." *Id.*

Plaintiff then commenced this action in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida on July 18, 2024—more than 180 days after the EEOC charge was filed and during which time the FCHR made no determination—alleging claims of national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"). Compl., [ECF No. 1-1] at ¶¶ 15, 17, 20. On September 17, 2024, Defendant removed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. [ECF No. 1]. Because Plaintiff's Complaint hinges on a question of federal law, removal was proper and was uncontested. *See* Removal Status Report, [ECF No. 6].

On September 24, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint. [ECF No. 5]. Defendant asserts Plaintiff has failed to state a claim of national origin discrimination or retaliation. *See generally* Mot., [ECF No. 5]. Defendant asserts that Plaintiff has failed to state a claim as to national origin discrimination because he fails to allege that similarly situated employees outside of his protected class received more favorable treatment and does not allege any facts from which discriminatory intent may be inferred. *Id.* at 4–6. Defendant asserts Plaintiff fails to state a claim for retaliation because he fails to allege a causal connection, relying primarily on the assertion that the relevant protected act occurred too far away in time from the retaliation. *Id.* at 8–9.

In response, Plaintiff counters that he has sufficiently stated a claim because he is not required to identify a comparator at this stage of the proceedings in this type of case. Resp., [ECF No. 12], at 3–8. Plaintiff also specifically states that because he has alleged evidence of pretextual

reasons for his termination, he has stated a claim at this stage. *Id.* at 8–9. Lastly, Plaintiff highlights that temporality is only one theory for proving a causal connection in a retaliation claim and that other factors may contribute to an understanding of causality. *Id.* at 9–10. As such, Plaintiff maintains that a large gap in time between a protected activity and the alleged retaliatory act is not fatal at this stage. *Id.*

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim," but a complaint must set forth more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). The "court must limit its consideration to the pleadings and exhibits attached to the pleadings." *Gubanova v. Miami Beach Owner, LLC*, No. 12-22319, 2013 WL 6229142, at *1 (S.D. Fla. Dec. 2, 2013) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)). A claim to relief is plausible where the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The requirement that a claim be plausible does not require that it be probable, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[T]he standard 'calls for enough fact to raise a reasonable expectation that discovery will

reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Defendant maintains that Plaintiff fails to state a national origin discrimination claim (Count I) because he has not identified a comparator, and that Plaintiff fails to state a retaliation claim (Count II) because too much time elapsed between the adverse act and the retaliatory act. The Court concludes that Plaintiff fails to state a claim for discrimination as to Count I but does state a plausible claim for retaliation under Count II. Count I fails, as pled, because Plaintiff relies on conclusory statements to make the connection between being terminated and being Haitian, and fails to present "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

As an initial matter, the parties spend the majority of their briefs debating whether Plaintiff has stated a *prima facie* case for discrimination under the *McDonnell Douglas* framework.[2] *See generally* Mot.; Resp.; Reply. However, the "*prima facie* case is 'an evidentiary standard, not a pleading requirement.'" *McManus v. Amerijet Int'l, Inc.*, No. 23-13554, 2024 WL 4003391, at *3 (11th Cir. Aug. 30, 2024) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002)). As such, "[a]t the pleading stage . . . a Title VII complaint 'need not contain specific facts establishing a *prima facie* case.'" *Id.* (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) ("'[T]he *prima facie* case relates to an employee's burden of presenting evidence that

---

[2] As the Eleventh Circuit has explained: "Under the *McDonnell Douglas* framework, a plaintiff can establish a *prima facie* discrimination case by showing: (1) she belonged to a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the job; and (4) the employer treated employees 'similarly situated in all material respects' outside of her protected class more favorably." *Ramirez v. Walmart, Inc.*, No. 23-13702, 2024 WL 4880378, at *2 (11th Cir. Nov. 25, 2024) (citing *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21, 1224 (11th Cir. 2019) (en banc)).

raises an inference of discrimination,' not to the threshold for surviving a motion to dismiss." (quoting *Swierkiewicz*, 534 U.S. at 510–11)). "Thus, a court applies the 'wrong legal standard' if it holds the plaintiff to the *prima facie* elements at the pleading stage." *McManus*, 2024 WL 4003391, at *3 (quoting *Surtain*, 789 F.3d at 1246).

Instead, at the motion to dismiss stage, "the allegations in the complaint 'should be judged by the statutory elements of [a] . . . claim rather than the structure of the *prima facie* case.'" *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). Title VII "prohibits employment discrimination on the basis of race, . . . sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Specifically, "[t]o state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination,'" and a claim of racial discrimination is stated in a complaint "when the well-pleaded factual allegations of a complaint plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination." *Surtain*, 789 F.3d at 1246 (quoting *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

With the proper pleading standard in mind, Plaintiff's mere assertion that he was treated differently than other non-Haitian employees is insufficient because it relies on vague and conclusory statements. When a plaintiff "has alleged no facts to support that gender, race or national origin played any role in the disparate treatment," a district court does not err in dismissing an employment discrimination claim. *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012). Here, Plaintiff fails to connect the adverse employment action—being fired—to his national origin as a man of Haitian ancestry. Indeed, the EEOC charge states, in a conclusory fashion, that Plaintiff felt he was treated differently than non-Haitian employees; details a prior pretextual firing allegedly based on race which was perpetrated by the same person that illegally

terminated Plaintiff; and rebuts the proffered reason for the termination, presenting it as pretextual. But that is not enough where there are no facts that suggest intentional race discrimination, as is required at this stage. *See Naraine v. City of Hollywood*, No. 21-60313, 2021 WL 2651767 (S.D. Fla. June 3, 2021), *report and recommendation adopted*, No. 21-60313, 2021 WL 2646404 (S.D. Fla. June 28, 2021) (explaining a national origin discrimination claim is not plausibly alleged where "[t]he only facts that Plaintiff alleged regarding national origin are that Plaintiff is Non-Hispanic and that she was terminated by Hispanic supervisors").[3] Because Plaintiff "never once supplements the[ ] allegations of disparate treatment with any factual detail," *Uppal*, 482 F. App'x at 396, dismissal is warranted as to Count I.

Turning to Plaintiff's retaliation claim, the Court is unconvinced by Defendant's assertion that a gap in time is dispositive at the pleading stage. The Court does not read Plaintiff's Response to argue anything definitive about the four-year gap between the relevant protected act and the alleged retaliatory act. Plaintiff merely says that "temporal proximity is but one method of proving retaliation." Resp., [ECF No. 12], at 9. In Reply, Defendant tries to argue that the caselaw upon which Plaintiff relies actually supports its position. Specifically, Defendant points to the Eleventh Circuit ruling that "[t]he close temporal proximity between filing of the EEOC complaint and the

---

[3] Regarding Defendant's assertion that Plaintiff needs to show a comparator at this stage of the litigation, the law is not clear. *Compare, e.g., Ramirez*, 2024 WL 4880378, at *2 ("[T]he district court did not err in finding Ramirez's allegations failed as she did not identify any comparators in her allegations.") *with, e.g., McManus*, 2024 WL 4003391, at *3 ("But even at summary judgment, 'the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case.' . . . So that failure alone cannot support dismissal of the complaint." (quoting *Tynes v. Fla. Dep't of Juv. Jus.*, 88 F.4th 939, 946 (11th Cir. 2023)). Given that evidence of a comparator is an element of a *prima facie* case under *McDonnell Douglas*—and because Plaintiff is not required to establish such a *prima facie* case at the pleading stage—the Court does not require Plaintiff to present a *specific* comparator at this juncture. *See also Lee v. GEO Secure Servs.*, LLC, No. 22-60689, 2022 WL 17740272, at *10 (S.D. Fla. Nov. 16, 2022), *report and recommendation adopted*, No. 22-60689, 2022 WL 17736219 (S.D. Fla. Dec. 16, 2022) ("The more exacting analysis of Plaintiff's comparators urged by Defendant is more apropos at the summary judgment stage, after discovery has been conducted.").

adverse actions [was] sufficient . . . to satisfy the third prong of the *prima facie* case of retaliation." *Bass v. Bd. of Cnty. Comm'rs*, 256 F.3d 1095, 1119 (11th Cir. 2001). But it does not follow that because closeness in time can prove causality that distance in time will bar causality—particularly at the pleading stage.

At this stage, Plaintiff need only plausibly assert the elements of a retaliation claim under Title VII, which makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e–3(a). "Retaliation under Title VII occurs when an employee engages in protected activity, and suffers an adverse employment action that is causally related to that activity." *Uppal*, 482 F. App'x at 397. And "[b]y the very terms of Title VII, making a charge of discrimination is statutorily protected activity." *Naraine*, 2021 WL 2651767, at *7. Termination is also clearly an adverse action. *Id.* Consequently, the Court finds it plausible that, as Plaintiff suggests, the four-year gap could be due to the prior legal proceeding and Union complaint between Plaintiff and the alleged retaliator. Resp., [ECF No. 12], at 9–10. By the same token, Plaintiff plausibly alleges a causal connection between the termination and the protected activity by explaining that the prior Union complaint was against the person who ultimately terminated him. Compl., [ECF No. 1-1] at ¶¶ 13–14.

Accordingly, the Court finds that Plaintiff fails to state a claim for national origin discrimination (Count I), but that Plaintiff plausibly states a claim for retaliation (Count II).

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [ECF No. 1], is **GRANTED** as to Count I and **DENIED** as to Count II.

      2.      Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice and with leave to amend*, specifically as to Count I.

      3.      Plaintiff shall file an Amended Complaint in compliance with this Order **on or before May 28, 2025**.

**DONE AND ORDERED** in Miami, Florida this 7th day of May, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**